UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

v.  Case No. 8:25-cv-1039-TPB-NHA

TAUREZS BULLOCK,

    Defendant.
_____/

### ORDER REMANDING CASE

This matter is before the Court *sua sponte* on *pro se* Defendant Taurezs Bullock's notice of removal. (Doc. 1). Defendant has attempted to remove a closed state court criminal case – *State of Florida v. Taurezs Bullock*, No. 13-CF-08091 (Fla. Sixth Judicial Circuit).[1] No response is required from the State of Florida. After reviewing the notice of removal, court file, and record, the Court finds the case is due to be summarily remanded due to lack of subject matter jurisdiction.

On July 13, 2017, after a jury trial, Defendant was found guilty of murder in the second degree (Count One) and attempted murder in the second degree (Count Two); the jury also found that during the commission of the offense, Defendant actually possessed and discharged a firearm. On July 27, 2017, Defendant was sentenced to life in prison as to Count One and a term of 30 years' imprisonment as to Count Two. Defendant appealed, and on September 25, 2018, the Second District Court of Appeal issued its mandate affirming Defendant's convictions and sentences. *See Bullock v. State*, 252 So.3d 412 (Fla. 2d DCA 2018). Since his conviction, Defendant has filed at

---

[1] The Court notes that Defendant improperly combines two separate cases into one for purposes of removal – this, alone, would be sufficient to warrant remand.

least six postconviction motions, which were denied by the postconviction court and affirmed on appeal.[2] *See, e.g., Bullock v. State*, 321 So.3d 742 (Fla. 2d DCA 2021); *Bullock v. State*, 359 So.3d 325 (Fla. 2d DCA 2023).

On April 22, 2025, Defendant filed his notice of removal of a state court criminal case to this Court. He states that he is currently serving a sentence based on a conviction obtained through an unconstitutional process. He appears to claim that this Court has federal question jurisdiction over this matter due to alleged violations of his federally protected rights.

His contentions have no merit. *See, e.g., State v. Weber*, 665 F. App'x 848, 851-52 (11th Cir. 2016) (affirming remand of state court criminal cases); *Florida v. Gordon*, 6:18-cv-1497, 2018 WL 4762977, at *2-3 (M.D. Fla. Sept. 17, 2018), *report and recommendation adopted by* 2018 WL 4744268, at *1 (M.D. Fla. Oct. 2, 2018). Criminal cases may only be removed under extremely limited circumstance, none of which are applicable here. To be clear, there is no basis for removal of this final and closed state court criminal case, and the purported removal is frivolous as a matter of law. This case is due to be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) This case is **REMANDED** to Sixth Judicial Circuit Court in and for Pasco County, Florida.

---

[2] In the underlying state court case, the postconviction court previously warned Defendant that continued frivolous filings may result in an order imposing sanctions that include barring Defendant from future access to the Court based on "at least six (6) postconviction motions" filed, "almost all of which have been dismissed or denied."

(2) Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of April, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE